```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCAS C. CHAMBERLAIN,

                Plaintiff,

-against-

SPLASHLIGHT, LLC, MICHAELA KREBS, BIJOU SUMMERS, AND DOES 1-20,

                Defendants.

23-CV-6318 (VEC)

ORDER ADOPTING REPORT & RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

      On July 20, 2023, Lucas C. Chamberlain, proceeding *pro se*, filed this action against Splashlight, LLC, Michaela Krebs, Bijou Summers, and Does 1-20 alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*. Compl., Dkt. 1. On April 26, 2024, Defendants moved to dismiss the Complaint. *See* Defs. Splashlight, LLC and Bijou Summers's Mot. to Dismiss, Dkt. 52; Def. Michaela Krebs' Mot. to Dismiss, Dkt. 54 (the "Motions"). On April 29, 2024, the Court referred the Motions to Magistrate Judge Cave for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). Am. Order, Dkt. 57. Despite a *sua sponte* extension of his time to respond and a warning that if he did not respond the Court would rule on the unopposed motion, Dkt. 60, Plaintiff did not respond to the Motions. Order at 2, Dkt. 65. On October 10, 2024, Magistrate Judge Cave issued a report and recommendation recommending that Defendants' motions be granted. Report and Recommendation (the "R&R"), Dkt. 67. Plaintiff did not object to the R&R. For the following reasons, the Motions are GRANTED.

1

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

Careful review of the R&R reveals that there is no clear error in its conclusions. The Court agrees with Magistrate Judge Cave's recommendation that the Motions be granted because Plaintiff did not plead sufficient facts to allege employment discrimination, retaliation, or sexual harassment under Title VII, NYSHRL, or NYCHRL.

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS the R&R in full. Accordingly, Defendants' Motions to Dismiss are GRANTED, and the Complaint is dismissed with prejudice and without leave to amend.

Because Plaintiff did not object to the R&R, and because the R&R expressly warned that the failure timely to object would result in the waiver of any such objections, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 602–03 (2d Cir. 2008). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, permission to appeal *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at 392 Kosciuszko St., Apt. 1, Brooklyn, N.Y. 11221, note service on the docket, terminate the open motions at Dkts. 52 and 54, and to close the case.

**SO ORDERED.**

Dated: December 19, 2024
      New York, New York

                                        **VALERIE CAPRONI**
                                        **United States District Judge**